United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| MARC THOUT,<br>      Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY<br>TRUSTEE OF THE RESIDENTIAL SECUIRITIZATION<br>TRUST 2006-G UNDER THE POOLING AND SERVICING<br>AGREEMENT DATED MAY 1, 2006,<br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>No. 18-40053-TSH |

## Memorandum of Decision and Order
March 29, 2019

HILLMAN, D.J.

### Background

Marc Thuot[1] ("Thuot" or "Plaintiff") has filed suit against Deutsche Bank National Trust Company Trustee of the Residential Securitization Trust 2006-G Under the Pooling and Servicing Agreement dated May 1, 2006. New Century Home Equity Loan Trust 2005-1 ("Deutsche Bank" or "Defendant") alleging state law claims for negligent failure to record affidavits of compliance with Mass.Gen. L. Ch. 244, §§14, 35B, and 35C, negligent failure to

---

[1] Plaintiff's name is spelled "Thout" in the caption of the Complaint, which is how I have spelled it in the caption to this opinion. However, it appears that the correct spelling is actually "Thuot," which is how I will spell it hereafter.

provide him and "certain governmental agencies" with notice that it had taken possession of a property, as required by Mass.Gen.L. Ch. 244, §15A, fraud and violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. Ch. 93A ("Chapter 93A").

This decision addresses Defendant's Motion To Dismiss (Docket No. 10). For the reasons set forth below, that motion is *granted.*

### Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

**Facts**

Deutsche Bank's Interest in the Property

On November 15, 2002, Thuot purchased residential property located at 334 Sunderland Road, Worcester, Massachusetts (the "Property"). On March 10, 2006, Thuot executed a promissory note in the amount of $268,800 ("Note") in favor of Quicken Loans ("Quicken"). That same date, as security for the loan, Thuot granted a mortgage lien to the Mortgage Electronic Filing System ("MERS"), as nominee for Quicken (the "Mortgage"). [2]

On February 18, 2010, MERS assigned the Mortgage to IndyMac Federal Bank FSB ("IndyMac") and recorded the assignment at the Worcester Registry of Deeds. On March 1, 2011, the Federal Deposit Insurance Agency, as receiver for IndyMac, assigned the Mortgage to Deutsche Bank and recorded the assignment in the Worcester Registry of Deeds[3].

Procedural History and the Foreclosure

On February 25, 2009, Thuot filed a Chapter 7 bankruptcy action in the United States Bankruptcy Court, for the District of Massachusetts. On March 3l, 2009, IndyMac claiming an interest in the Mortgage, filed a "Motion for Relief from Automatic Stay" with the Bankruptcy Court. This motion was granted by the Bankruptcy Court on June 24, 2009. On October 10, 2009, the Bankruptcy action was terminated, without discharge of the Mortgage. On February 3, 2010, Thuot was sent a "Complaint to Foreclose." The Complaint to Foreclose was recorded in the Worcester District Registry of Deeds on March 17, 2010.

---

[2] The Property was purchased by Thuot and Lisa Thuot, as tenants by the entirety. Lisa Thuot also signed the Note and the Mortgage. She is not a party to this action and it is not clear what interest she held in the Property at the time of the relevant events. The Court has a concern that Lisa Thuot may be a necessary party pursuant to Fed.R.Civ.P. 19. Given that I am granting Defendant's motion to dismiss, this issue need not be resolved.

[3] On March 29, 2016, the FDIC recorded a "Corrective Assignment" to Deutsche Bank and recorded it in the Worcester County Registry of Deeds.

On July 21, 2010, OneBankWest, issued a "cash-for-keys notice" to Thuot, referring to itself as the owner/servicer of the Property. The cash-for-keys notice also stated the Property had been obtained through a foreclosure sale. On July 27, 2010, Thuot accepted the offer of cash-for-keys, in the amount of $4,500.00. On August 7, 2010, believing that his home had been foreclosed, Thuot surrendered possession of the Property and obtained lodging for himself and his family at considerable expense.

On February 11, 2011, Thuot received a "Notice of Intention To Foreclose", as well as a "Notice of Mortgagee's Sale of Real Estate" stating the sale was to occur March 9,2011, at 2:00 p.m. The notices referenced in the above paragraph were sent by Bennett & McHugh, PC, a Connecticut law firm claiming to act on behalf of Deutsche Bank.

On or about October 25, 2013, Thuot received correspondence from IndyMac Mortgage Services. This letter acknowledged that no foreclosure sale had occurred due to a "court filing error." On or about November 12,2013, Thuot received correspondence from Ocwen Loan Servicing ("Ocwen") stating it was a loan servicer, for Deutsche Bank. The correspondence also stated that the Property appeared vacant.

On January 14, 2014, Thuot received from Ocwen an invitation to submit an application to its "Home Retention Department." Thuot immediately hired counsel who assisted him completing and submitting the application. On or about April 26,2014, Ocwen acknowledged receipt of Thuot s application for a "Deed-In-Lieu of Foreclosure." On May 11, 2014, Thuot received correspondence from Ocwen, quoting a "payoff." This quote included a number of line items, including:

    -Cash-For-Keys
    -Attorney Eviction Fees
    -Securing/Rekeying

4

-Foreclosure Expense

-Eviction Fee Costs

In 2014, Thuot, who was unaware that the foreclosure had not taken place, made an offer on a residence in Auburn, Massachusetts. In connection with this purchase, Thuot applied for a mortgage. Thuot's application for a mortgage was declined, due to his ownership of the Property.

Deutsche Bank filed the following documents in the Worcester Registry of Deeds in 2016 and 2017[4]:

-Affidavit Regarding Compliance with Mass. Gen. Laws Ch. 244 § 35B (April 28, 2016)

-Affidavit Regarding Note Secured By Mortgage To Be Foreclosed, in accordance with Mass.Gen.L., Ch. 244 § 35C (April 28, 2016)

- Affidavit Regarding Note Secured By Mortgage Being Foreclosed (April 26, 2017)

-Foreclosure Deed, including an Affidavit of Sale in compliance with Mass. Gen. Law, Ch. 244 § 14 (April 25, 2017)

Thuot does not believe any summary process action was ever filed in regards his tenancy at the Property. To date, Thuot has not reacquired possession of the Property. Thuot believes that Property has suffered significant damage and waste.

---

[4] Defendant has submitted the following extrinsic materials with their motion to dismiss, *see Mem. Of L. In Supp.Of.Def'sMot.Dism.* (Docket No. 11)(" Def's 'Mot."): (1) a copy of the Assignment of Mortgage, see Def's Mot, at *Ex. E*; (2) a copy of the Corrective Assignment, *id.*, at *Ex. F*; (3) a copy of the Affidavit Regarding Compliance with Mass.Gen.L. Ch. 244, §35B at *Ex. G*; (4) a copy of the Affidavit Regarding Note Secured by Mortgage To Be Foreclosed Mass.Gen.L.Ch. 244, §35C*, id.*, at *Ex. H*; (5) a copy of the Affidavit Regarding Note Secured by Mortgage Being Foreclosed, *id.*at *Ex. I*; and (6) a copy of the Foreclosure Deed, Affidavit of Sale and Foreclosure Publication Notice, *id.* at *Ex. J*. Parties are generally barred from including extrinsic material with a Rule 12(b)(6) motion to dismiss. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see* Fed.R.Civ.P. 12(d)(if on motion under Rule 12(b)(6) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56). However, courts may consider those documents the authenticity of which are not in dispute, such as public records, or documents substantially incorporated into a complaint by reference. *Id.* at 3-4 (internal citations omitted). All of the documents submitted by the Defendant are incorporated into the Complaint by reference and/or constitute public records. Therefore, the Court may consider all such documents without converting the motion into one for summary judgment.

**Discussion**

Deutsche Bank asserts that: Thuot's negligence claims (Count I-IV) must be dismissed because it owed him no duty, the economic loss doctrine bars recovery, the claims are based on false allegations and/or are barred by the statute of limitations. Deutsche Bank further assets that Thuot's fraud claims (Counts V and VI) fail because they are barred by the statute of limitations, fail to plead the elements of fraud, and fail to plead fraud with particularity. As to Thuot's Chapter 93A claim (Count VII), Deutsche Bank asserts it fails as a matter of law.

The Negligence Claims

Thuot asserts that Deutsche Bank is liable to him for negligence as a result of its failure to file affidavits with the registry of deeds certifying that it had complied with Mass.Gen.L. Ch. 244 §35B (requiring public notice of intent to foreclose), Mass.Gen. L. Ch. 244, §14 (requiring notice be filed in registry of deeds where entity claims interest in the mortgage through assignment), Mass.Gen. L. Ch. 244, §35C (requiring filing with the registry of deeds certifying compliance with the statute, including that the creditor foreclosing attest that it is the actual mortgagee), and Mass.Gen.L. Ch. 244, §15A (requiring that mortgagee who takes possession of property notify all residential tenants of such property).

Regarding Counts I-III, it is not necessary to address whether Deutsche Bank owed a duty to Thuot, or whether his claims are barred by the economic loss doctrine. Given the posture of Thuot's allegations, I will focus instead on Deutsche Bank's assertion that the claims are inherently incorrect, or are barred by the statute of limitations. Thuot's claims are premised *not* on Deutsche Bank's alleged failure to comply with its substantive obligations under various statutory requirements, but on its alleged failure to comply with a procedural obligation to file affidavits and/or certificates of compliance. The long and short of it is that Deutsche Bank has

6

submitted copies of the affidavits and/or certificates of compliance that it filed with the Worcester Registry of Deeds. More specifically, Deutsche Bank has submitted copies of the following: (1) an Affidavit Regarding Compliance With Mass.Gen. L. Ch. 244, §35B, (2) an Affidavit Regarding Note Secured By Mortgage To be Foreclosed Mass.Gen.L. Ch. 244, §35C, (3) an Affidavit Regarding Note Secured By Mortgage being Foreclosed (indicating that Deutsche Bank was the holder of the Note secured by the Mortgage), and (4) the Foreclosure Deed and affidavit of compliance with Mass.Gen.L. Ch. 244, §14[5]. Since Thuot's negligence claims asserted in Counts I-III are based on Deutsche Bank's alleged failure to file the specified affidavits and/or certificates of compliance with the Worcester Registry of Deeds, I find, as a matter of law, that he has failed to state a plausible claim for negligence on these Counts.

Thuot's claim for violation of Mass.Gen.L. Ch. 244, §15A also fails, albeit on different grounds. Thuot asserts that Deutsche Bank violated Section 15A by failing to notify him, in his capacity as a residential tenant, within 30 days of having taken possession of the Property following his surrender. Thuot's claim is based on Deutsche Bank's alleged failure to notify him and the appropriate governmental agencies that it was taking possession of the Property in 2010. This claim is barred by the applicable three year statute of limitations.[6],[7]

---

[5] The Foreclosure Deed filed by the Defendant includes an Affidavit of Sale and a copy of the Mortgagee's Notice of Sale of Real Estate published in the Worcester Telegram and Gazette. The requisite assignments of the Mortgage to Defendant were also recorded in the Worcester Registry of Deeds.

[6] As noted by Defendant, Thuot's claim would have accrued at the latest in 2013 when, based on his own factual assertions, he became aware that no foreclosure had ever taken place and that he still was the record owner of the Property. He did not file his Complaint until April 2017.

[7] In *Flores* v. *Onewest Bank, F.S.B.*, 886 F.3d 160 (1st Cir. 2018), the plaintiffs challenged the district court's finding that their claim that the foreclosure must be vacated due to a Section 15A violation was barred by the three year statute of limitations. The plaintiffs argued that under the Supreme Judicial Court's ruling in *Bevilacqua v. Rodriguez*, 460Mass. 762, 955 N.E.2d 884 (2011), the three year statute of limitations did not apply because the foreclosure sale was a nullity. The First Circuit declined to address the statute of limitations issue, instead finding that failure to comply with Section 15A does not invalidate a foreclosure and therefore, plaintiffs failed to state a claim. Although it did not do so expressly, the First Circuit by implication confirmed that the three year statute of limitations set forth in Mass.Gen.L. Ch. 260, §2A applies.

## Fraud Claims

In order to state a claim for fraud under Massachusetts law, a complaint must plead:

> '(1) that the statement was knowingly false; (2) that [defendant] made the false statement with the intent to deceive; (3) that the statement was material to the plaintiff['s] decision ...; (4) that the plaintiff[] reasonably relied on the statement; and (5) that the plaintiff[] w[as] injured as a result of [his] reliance.'
>
> Of course, the complaint must also pass muster under Fed.R.Civ.P. 9(b), which imposes a so-called particularity requirement. A complaint must, therefore, include specifics about "the time, place, and content of the alleged false representations.

*Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 279–80 (1st Cir. 2013).

A protracted discussion of Thuot's fraud claim asserted in Count VI is not warranted. Thuot specifies one alleged instance "*[a]mong others*" of a "concerted pattern of actions designed to fraudulently confuse and obfuscate [its] actions and Plaintiff's rights and responsibilities." *See Verified Complaint*, at ¶¶ 71-72 (emphasis supplied). He does not allege materiality, reasonable reliance or even injury. *Id.*, at ¶¶70-75. Suffice to say, he has failed to allege the essential elements of a claim for fraud *and* has failed to plead fraud with particularity.

Arguably, Thuot's fraud claims asserted in Count V suffers from the same deficiencies. However, it is not necessary for me to make this determination. The allegations asserted in Count V all relate to conduct which occurred in 2010. The statute of limitations for fraud is three years. *See* Mass.Gen. L. Ch. 260, §2A. The latest such cause of action can have said to accrue is 2013 when Thuot became aware he was still the owner of record with respect to the Property. Accordingly, the claim is barred by the statute of limitations.

<u>The Chapter 93A Claim</u>

As pled, Thuot's Chapter 93A claim is based on the same alleged facts and theories on which he relied to support his negligence and fraud claims—that is, his Chapter 93A claim is entirely derivative of his other claims. Deutsche Bank asserts that since those claims fail, as a matter of law, his Chapter 93A claims must be dismissed. I agree. In so finding I note that Chapter 93A has a four year statute of limitations rather than the three year statute of limitations which applies to Thuot's negligence and fraud claims. Nonetheless, Thuot's Chapter 93A claims based on unfair and deceptive acts and practices which occurred in 2010 would also be barred under the longer statute of limitations applicable to Chapter 93A claims.

## **Conclusion**

Defendant's Motion To Dismiss (Docket No. 10) is ***granted***.

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE